**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Gerardo QUINTERO–QUIROZ, Defendant—Appellant.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**217**

**United States of America, Plaintiff—Appellee,**

**v.**

**Carlos Jimenez–Contreras, Defendant—Appellant.**

**Nos. 04–10503, 04–10610.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2005.*

Decided Aug. 17, 2005.

Joseph Welty, AUSA, Phoenix, AZ, for Plaintiff-Appellee.

Carla Ryan, Esq., Law Offices of Carla Ryan, Tucson, AZ, for Defendant-Appellant.

Before: PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

MEMORANDUM **

Appellants Gerardo Quintero–Quiroz and Carlos Jimenez–Contreras [1] appeal the district court's denial of their motions to suppress.[2] After the district court denied their motions to suppress, Quintero–Quiroz and Jimenez–Contreras entered conditional guilty pleas to one count of possession with intent to distribute 100 to 1000 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(vii), and conspiracy to possess with intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(ii). We affirm.

After reviewing the totality of the circumstances, we conclude that the agents had reasonable suspicion to conduct a limited investigative stop of the two vehicles at issue in this appeal. *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Jimenez–Contreras' motion to join Quintero–Quiroz's reply brief is granted.

2. Because the parties are familiar with the facts, we recite them only as necessary to aid in the understanding of this disposition.

Because Agent Kelley knew the identity of the informants and spoke with them personally, none of the concerns raised by an anonymous informant are present in this case. *See United States v. Fernandez–Castillo,* 324 F.3d 1114, 1118 (9th Cir. 2003) ("[B]ecause a known [informant] could be held accountable for fabricating any story, the concerns raised by anonymous tips are simply not present."); *see also United States v. Christmas,* 222 F.3d 141, 144 (4th Cir.2000) (concluding that face-to-face encounter between police and informant supported reasonable suspicion because officer had opportunity to assess informant's credibility and demeanor). Moreover, because Agent Kelley personally observed some of the suspicious activity occurring at the South Placita residence, the tips were suitably corroborated. *See Fernandez–Castillo,* 324 F.3d at 1123 (concluding that tip supported reasonable suspicion where it came from a known source and was sufficiently corroborated by seizing officer's personal observations).

Quintero–Quiroz's reliance on *United States v. Montero–Camargo,* 208 F.3d 1122, 1135 (9th Cir.2000) (en banc), is misplaced. In *Montero–Camargo,* we rejected the district court's reliance on the defendants' Hispanic appearance as a factor in concluding that there was reasonable suspicion to conduct a brief investigatory stop of the defendants' vehicle. *See id.* at 1131. Here, by contrast, the district court did not rely on the defendants' Hispanic appearance at all. Rather, the *informants* described the individuals coming and going from the South Placita house as Hispanic. Furthermore, even without the description of the defendants' apparent ethnicity, the license plate information sufficiently linked the two vehicles to the South Placita residence.

We also conclude that the tandem driving in this case was properly considered in the overall reasonable suspicion calculus.

*See id.* at 1139 (concluding that tandem driving could be given "some" weight in overall reasonable suspicion calculus); *see also United States v. Robert L.,* 874 F.2d 701, 704 (9th Cir.1989) ("This circuit has recognized that traveling in tandem can be indicative of illegal smuggling activity."). In light of Agent McKenna's testimony regarding "load" and "surveillance" vehicles, the district court reasonably relied on this factor in its overall reasonable suspicion determination. Indeed, Agent McKenna testified that the S–10 pickup intentionally tried to prevent him from cutting between the two cars.

Finally, we conclude that the district court did not clearly err in concluding that the red Chevy attempted to evade arrest.

**AFFIRMED.**